UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| VICTORIA SOBOLESKI, )<br>*on behalf of herself and* )<br>*others similarly situated*, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PARTY PIZZA ROSEVILLE, INC. )<br>)<br>Defendant. )<br>_____) | ) Civil Action No.: 2:24-cv-13138<br>)<br>) Class Action<br>)<br>) Jury Trial Demanded |

**JOINT DISCOVERY PLAN/CASE MANAGEMENT ORDER**

In accordance with Federal Rule of Civil Procedure 26(f) and the Court's April 21, 2025 Order, counsel for the parties submit the following discovery plan.

**Related Cases:** None.

**Jurisdiction:** Plaintiff asserts that this Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5), which is a federal statute and thus presents a federal question.

**Plaintiff's Factual Summary:** Plaintiff Victoria Soboleski ("Plaintiff" or "Ms. Soboleski") took the affirmative step of registering her telephone number on the National Do Not Call Registry, which is designed to prevent the receipt of unwanted telemarketing calls. Despite her registration, the defendant Party Pizza Roseville, Inc. ("Party Pizza") placed multiple telemarketing call text messages to her residential cellular telephone number. Based on the generic, automated and unsolicited nature of the communications the Plaintiff has sought to represent the following putative class:

<u>National Do Not Call Registry Class</u>: All persons in the United States whose

1

(1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

**Defendant's Factual Summary**: Defendant's customer database has been collected by Defendant through direct contact with its customers stemming from transactions with Defendant and is the result of established business relationships. Defendant operates a small independent restaurant located in Roseville, Michigan, which sells pizza to the general public, among other things. Defendant, from time to time, contacts its customers by and through an application developed by non-party CallFire, Inc ("CallFire"). All phone numbers uploaded to CallFire's application have been collected by Defendant (or its predecessor in interest), and have not been purchased from a third-party or service provider, nor were they downloaded or obtained in a manner that would otherwise violate the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Defendant has not violated the TCPA in any manner because Defendant only communicates with and to those contacts, which have become established business relationships due to their voluntary communications and/or interactions with Defendant.

**Legal Issues:**

    (a)    Were the calls made to residential telephone numbers?
    (b)    Were the calls necessitated by an emergency?
    (c)    Had the called parties provided prior express written consent or were they established business relationships?
    (d)    Were Defendant's violations of the TCPA knowing or willful?
    (e)    Should Defendant be enjoined?

  (f) Should class certification be granted?

  (g) Is Defendant a proper party to this action and did Defendant participate in any way in the actions on which the Complaint is based.

**Amendment of Pleadings:** The Plaintiff does not anticipate any amendment to the Pleadings.

**Plaintiff's Discovery:** Plaintiff seeks discovery on the following subjects: (1) Defendant's and/or third-party call data regarding Plaintiff and the class; (2) identification of class members; (3) Defendant's policies and procedures regarding compliance with the TCPA; (4) Defendant's affirmative defenses, such as any consent to make the calls at issue; (5) Defendant's negligence or willfulness regarding any TCPA violations; (6) Defendant's document retention policies; (7) identification of witnesses; and (8) Defendant's relationship with any third parties that may have relevant information surrounding this matter.

**Defendant's Discovery:** Defendant seeks discovery on the following subjects: (1) records of all call data regarding Plaintiff, including the class, if any; (2) identification of class members, if any; (3) Proof of National Do Not Call Registry registration with respect to Plaintiff and class members, if any (4) Plaintiff's negligence, contributary negligence, and/or failure to mitigate regarding alleged calls at issue; (5) statement of facts from any person or third-party with relevant information or knowledge regarding this matter; (6) identification of any witnesses or expert witnesses; (7) Plaintiff's relationship with class members, if any.

The parties do not believe any limitations should be placed on discovery outside of what is in the federal rules.

The parties propose the following deadlines for discovery events:

| EVENT | DEADLINE |
| --- | --- |
| Deadline for Amendments to Pleadings and Joinder of Parties | June 20, 2025 |
| Fact Discovery Cutoff | September 21, 2025 |
| Rule 26(a)(2) Proponent Expert Disclosures | October 22, 2025 |
| Rule 26(a)(2) Rebuttal Expert Disclosures | December 21, 2025 |
| Expert Discovery Cutoff | January 20, 2026 |
| Dispositive Motions, Class Certification Motion and Challenges to Experts | Febreuary 20, 2026 |
| Trial Date and Final Pretrial Conference | At the Court's Discretion |
| Estimated Length of Trial | 5 days |

In the event a class is certified on motion, the parties respectfully suggest, the Court conduct a Fed. R. Civ. P. 16 Conference to address any class notice that needs to be sent and to finalize a trial date based on the timing of such notice.

**Electronic Discovery:** The Parties expect much discovery will be in electronic form and intend to stipulate or agree to the form or forms in which electronic discovery should be produced or otherwise made available. The parties request that production of electronic documents be made in PDF format and that the production of any records of discoverable documents or information be produced in their native format. To the extent any issues regarding the format for electronic discovery arise, the Parties will confer in good faith before bringing them to the attention of the Court.

**Settlement:** The parties believe that some discovery is necessary before settlement can be discussed, and have agreed to submit to facilitative mediation

**Consent:** The parties do not unanimously consent to the jurisdiction of the magistrate judge.

Date: May 20, 2025

| | |
|---|---|
| */s/ Anthony I. Paronich* | /s/ *Keith C. Jablonski* |
| PARONICH LAW, P.C. | O'REILLY RANCILIO P.C. |
| Anthony I. Paronich | Keith C. Jablonski (P62111) |
| 350 Lincoln Street, Suite 2400 | Angelo D'Agostini (P87624) |
| Hingham, MA 02043 | 12900 Hall Road, Suite 350 |
| Tel: (617) 485-0018 | Sterling Heights, MI 48313-1151 |
| Fax: (508) 318-8100 | (586) 726-1000/Fax: |
| anthony@paronichlaw.com | (586) 726-   1000 |
| *Counsel for the Plaintiff* | kjabloski@orlaw.com |
| | adagostini@orlaw.com |
| | *Counsel for Defendant* |