UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| VICTORIA SOBOLESKI,<br>                Plaintiff,<br>v.<br><br>PARTY PIZZA ROSEVILLE,<br>INC.,<br>                Defendant.<br>_____/ | Case No. 24-13138<br><br>Matthew F. Leitman<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER DENYING DEFENDANT'S MOTION QUASH SUBPOENA
(ECF No. 13)**

Before the Court is Defendant Party Pizza Roseville, Inc.'s motion to quash a subpoena that Plaintiff Victoria Soboleski served on non-party CallFire, Inc. ("CallFire"). (ECF No. 13). The District Judge referred Defendant's motion to the undersigned. (ECF No. 14). Plaintiff filed a response in opposition to Defendant's motion, (ECF No. 16); Defendant did not file a reply. Having reviewed the parties' arguments, the motion is **DENIED**.

**I.    BACKGROUND**

In her Amended Complaint, Plaintiff brings a class action against Defendant under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. (ECF No. 6). Plaintiff alleges that Defendant "delivered, or caused to be delivered, at least eight . . . text messages to" her personal telephone after Plaintiff registered her telephone number on the National Do-Not-Call ("DNC") Registry. (*Id.* at

PageID.39, ¶ 14).  Plaintiff also alleges that the messages were intended for someone else, that the purpose of the messages was to advertise and market Defendant's business or services, and that she did not consent to receiving such messages.  (*Id.* at ¶¶ 15-18).

On March 6, 2025, Plaintiff served a subpoena on CallFire.  (ECF No. 13, PageID.57, ¶ 5).  CallFire provides a platform for sending text messages *en masse*.  (ECF No. 16, PageID.90).  Defendant purportedly uploaded its customer base—including its customers' contact information—to CallFire "with the reliance and expectation that such information would be kept confidential."  (ECF No. 13, PageID.57, ¶ 6).  Plaintiff's subpoena sought "[d]ocuments reflecting communications, including but not limited to call detail records, that identify all outbound text messages sent by or for the Defendant from January 1, 2022 to Date."  (ECF No. 13-2, PageID.67).  Put differently, Plaintiff asked CallFire to produce Defendant's customer database.  (ECF No. 13, PageID.57, ¶ 5).

Defendant moved to quash this subpoena.  In line with its merits-based defenses to Plaintiff's claim, (ECF No. 15, PageID.86, ¶¶ 4-6 (regarding Defendant's established business relationship with its customers)), Defendant argues that Plaintiff should not be able to obtain such documents because Defendant accrued its customer database "through direct contact with its customers stemming from transactions with the restaurant or otherwise."  (ECF No. 13,

2

PageID.57, ¶ 7). Defendant also purchased some of its customers' information from Defendant's predecessor in interest, King's Pizza, Inc.[1] (*Id.* at PageID.58, ¶ 11 n.1). Defendant therefore invokes the established business relationship defense to liability under the TCPA. (*Id.* at PageID.57-58, ¶¶ 7-8 (citing 47 C.F.R. § 64.1200(a)(4), (f)(6)). *See* 47 U.S.C. § 227(b)(1)(C). In turn, Defendant concludes that the telephone numbers in Defendant's customer database are "protectable and proprietary information of Defendant's business." (ECF No. 13, PageID.59, ¶ 16). Thus, Defendant urges the Court to quash the subpoena or modify it to exclude documents that contain its protectable and proprietary information.

Plaintiff offers several arguments in opposition, some of which have more force than others.[2] Of primary import, she argues that Defendant lacks standing to oppose her subpoena since it was served on CallFire, a non-party, not Defendant.

---

[1] King's Pizza, Inc. was named as a Defendant in the original complaint but not the Amended Complaint. (ECF No. 1).

[2] For instance, Plaintiff argues that the requested documents are relevant to this action. But Defendant did not object to the relevancy of the documents at issue. Plaintiff also argues that Defendant should produce evidence that putative class members consented to receiving text messages from Defendant. Consent, however, is an affirmative defense on the merits of Plaintiff's claim. *See Bridging Communities v. Top Flite Finan. Inc.*, 843 F.3d 1119, 1125 (6th Cir. 2016) (noting that the "possibility of consent to receive faxes and/or prior existing business relationships [i]s a defense to liability under the TCPA"). *See also Ammons v. Ally Fin., Inc.*, 326 F. Supp. 3d 578, 591 (M.D. Tenn. 2018) (regarding consent as a defense); *Compressor Eng'g Corp. v. Mfrs. Fin. Corp.*, No. 09-14444, U.S. Dist. LEXIS 47038, at *43 (E.D. Mich. Apr. 7, 2016) (regarding established business relationships as a defense). Such a merits-based argument has no bearing on the discovery dispute at issue. *See infra* Part II.

(ECF No. 16, PageID.101-02). The Court agrees. The Court also finds that Defendant would not be entitled to the relief it seeks if it did have standing.

## II.   ANALYSIS

Plaintiff is correct regarding a party's ability to quash a subpoena served on a non-party. As this Court has put it:

> Generally, a party has "'no standing to seek to quash a subpoena directed to a non-party.'" *Underwood v. Riverview of Ann Arbor*, No. 08-CV-11024-DT, 2008 WL 5235992, at *1 (E.D. Mich. Dec. 15, 2008) (quoting *United States v. Wells*, No. 06-10589, 2006 WL 3203905, at *2 (E.D. Mich. Nov. 3, 2006)). But if the moving party shows that the third-party subpoena would violate their privilege or personal right, they may have standing. *Mann v. Univ. of Cincinnati*, 114 F.3d 1188 (6th Cir. 1997). The party seeking to quash a third-party subpoena must meet a heavy burden of proof. *Wells*, 2006 WL 3203905, at *2. For example, a party who makes no claim of privilege or personal right considering the heavy burden lacks standing to quash a third-party subpoena. *Underwood*, 2008 WL 5235992, at *1.

*Williams v. Eastpointe Cmty. Schs.*, No. 2:23-cv-12155, 2025 WL 1118579, at *1 (E.D. Mich. Apr. 15, 2025). *See Pianko v. Gen. R.C. Ctr., Inc.*, No. 20-13371, 2022 WL 2674189, at *1 (E.D. Mich. July 11, 2022) (same); *Ajuba Intern., LLC v. Saharia*, No. 11-cv-12936, 2014 WL 4793846 (E.D. Mich. Sept. 25, 2014) (adding that a party may have standing to quash a subpoena directed at a non-party if that party has a "proprietary interest").

Defendant did not observe this dynamic in its motion nor did it file a reply brief explaining why its asserted proprietary interest in its customers' contact

information is sufficient to confer standing to quash the subpoena served on CallFire.[3] Defendant's failure to do so is fatal to its motion. Defendant's conclusory assertion of a protectable proprietary interest without any authority in support of its position is not enough to satisfy Defendant's "heavy burden of proof." *See Swisher v. Apex Mktg. Mgmt. Inc.*, No. 2:25-cv-00434, 2025 WL 2450700, at *4 (S.D. Ohio Aug. 26, 2025) ("[Defendants'] broad arguments, without any case support whatsoever, do not meet Defendants' heavy burden of proof. Indeed, to meet that heavy burden, Defendants must make more than conclusory assertions of an interest or privilege.") (internal quotation and citations omitted); *Carty v. Metro. Life Ins. Co.*, No. 3:15-cv-01186. 2018 WL 3861827, at *3 (M.D. Tenn. Aug. 14, 2018) (holding that "[Federal] Rule [of Civil Procedure] 45 requires more than bald statements that the material demanded is sufficient to confer standing" when the moving party did not provide any authority "whatsoever to support its claim to have any kind of enforceable right or privilege.") (internal quotations omitted); *Bender v. Wiegand Sports GmbH*, No. 23-1511, 2025 WL 1920917, at *2 (D. Md. July 11, 2025) (concluding that the movant lacked standing to quash subpoena because he did not identify any case law supporting his theory of standing).

---

[3] Defendant invoked no other privilege or interest apart from this alleged proprietary interest. While Defendant stated that it provided its customer database to CallFire on an expectation of confidentiality, Defendant emphasized its proprietary interest in its motion.

Even if Defendant did have standing, its motion would fail on its merits. Defendant's position is that the subpoena should be quashed because Defendant accumulated its customers' information as a result of an established business relationship. But Defendant cited no authority suggesting that this shield to liability can be used as a sword to strike down a subpoena.

Defendant's lack of authority aside, its argument is essentially that the subpoena should be quashed because Plaintiff's claim is meritless. (ECF No. 13, PageID.12-13, ¶¶ 12, 15-16 (relying on a defense to liability and asserting that it did not acquire any phone numbers in a manner that violated the TCPA)). "[A]rguments directed at the merits of the plaintiff['s] claims or the viability of affirmative defenses should be addressed by way of dispositive motion or at trial and not during a discovery dispute." *Decker v. Chubb Nat'l Ins. Co.*, No. 1:15-cv-88, 2015 WL 139824 (S.D. Ohio Aug. 25, 2025). *See Rice v. Walbridge Aldinger, LLC*, No. 22-cv-11790, 2025 WL 2437499, at *5 (E.D. Mich. Aug. 25, 2025) ("[A] merits determination should not be rendered under the guise of a scope of discovery ruling.") (citation omitted).

This is especially the case here where all that has been referred to the undersigned is the instant pretrial discovery motion. *See Forchielli v. Forchielli*, No. 2:22-cv-12824, 2023 WL 7170650, at *3 (E.D. Mich. June 16, 2023) (concluding that movant's motion to quash a subpoena directed to a third-party

6

could not rely on a merits-based argument considering the limited scope of the referral to the magistrate judge) (citation omitted).

All that said, "[c]ourts in the Sixth Circuit have interpreted the mention of 'a party' as allowing parties to file a motion for a protective order for a non-party." *Williams*, 2025 WL 1118579, at 1 (citing *Fleet Bus. Credit Corp. v. Hill City Oil Co., Inc.*, No. 01-2417, 2002 WL 1483879, at *2 (W.D. Tenn. June 26, 2002)). *See also Schweinfurth v. Motorola, Inc.*, No. 1:05CV024, 2008 WL 4981380, at *2 (N.D. Ohio Nov. 19, 2008) ("[Courts within the Sixth Circuit have] held that discovery need not be sought from a party in order for a party to have standing to challenge subpoenas served on non-parties."). Indeed, under Rule 26(c)(1), a motion for a protective order is available to "a party or any person from whom discovery is sought." Thus, some courts have reviewed motions to quash third-party subpoenas under the standards of a Rule 26(c) protective order as well. *Underwood*, 2008 WL 5235992, at *2.

As mentioned, Defendant did not file a reply brief. Perhaps if it had, Defendant could have identified and requested this alternative form of relief. Without a request from Defendant for a protective order, the Court is not inclined to afford such relief. Even if the Court were so inclined, Defendant has not shown that a protective order is warranted based on the arguments it has made before the Court.

7

Under Rule 26(c)(1) the Court may issue a protective order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." "To satisfy the requirements of Rule 26(c), "the moving party must show 'good cause' for protection from one (or more) harms identified in Rule 26(c)(1)(A) 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Pianko*, 2022 WL 2674189, at *1 (quoting *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016)) (citation modified). *See Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (holding that the movant must articulate specific facts showing "clearly defined and serious injury resulting from the discovery sought and cannot rely on conclusory statements" to establish good cause for a protective order).

Defendant only asserted that it would be "highly prejudiced if its protectable and proprietary customer database is provided by CallFire to Plaintiff." (ECF No. 13, PageID.59, ¶ 19). This is precisely the sort of conclusory statement Defendant cannot rely on for a protective order. Defendant has offered no explanation as to how it would be prejudiced if CallFire disclosed such information to Plaintiff. Accordingly, Defendant has not shown good cause for a protective order.

At bottom, Defendant has failed to satisfy its "heavy burden" regarding its standing to quash the subpoena served on CallFire, a non-party to this action. Nor

8

would Defendant's motion prevail on its merits if it had done so. Lastly, Defendant has not shown it is entitled to a protective order here.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion is **DENIED**. Accordingly, CallFire is **ORDERED** to produce the subpoenaed documents **within twenty-eight days of this Order**.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: September 15, 2025         s/Curtis Ivy, Jr.
                                 Curtis Ivy, Jr.
                                 United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on September 15, 2025.

                                        s/Sara Krause
                                        Case Manager
                                        (810) 341-7850